IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NELSON HERNANDEZ RIVERA, | No. 4:22-CV-01603 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| SCI-FOREST SUPERINTENDENT, | |
| Respondent. | |

**MEMORANDUM OPINION**

**NOVEMBER 7, 2023**

Petitioner Nelson Hernandez Rivera, ("Rivera"), an inmate confined in the Forest State Correctional Institution, Marienville, Pennsylvania, files the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a sentence imposed in the Court of Common Pleas of Luzerne County in criminal case CP-40-CR-0002098-2017.

For the reasons set forth below, the petition for writ of habeas corpus, which is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA"), will be denied.

**I.     BACKGROUND**

The relevant facts and procedural history, extracted from the Pennsylvania Superior Court's December 3, 2019 decision, affirming Rivera's judgment of sentence, are as follows:

The affidavit of probable cause and notes of testimony from the guilty plea and sentencing hearings reveal that Appellant and Evelyn Almonte ("Victim"), who "grew up together" and were from "the same village" in the Dominican Republic, were in a romantic relationship, had a daughter, and resided in Luzerne County. N.T. (Sentencing), 1/4/19, at 12-13.  The affidavit of probable cause reveals that the security guard at the Crystal Barbecue Bar observed Appellant and Victim arguing at 11:30 p.m. on March 19, 2017.  At approximately 1:40 a.m. on March 20, 2017, Appellant "grabbed [Victim] by the hair" when he observed her sitting with an unknown male.  Affidavit of Probable Cause, 5/9/17, at 1.  Ten or fifteen minutes later, Victim left the bar, followed by Appellant.  *Id*. The security guard followed them outside and saw Appellant "stabbing [Victim] viciously and repeatedly in the chest" . . . "at least 15 times to vital parts of her body." *Id.*; N.T. (Guilty Plea), 10/29/18, at 8.  The security guard fired his gun twice, striking Appellant once in the leg.  Affidavit of Probable Cause, 5/9/17, at 2.

Appellant was charged with one count of attempted homicide and one count of aggravated assault as a result of the stabbing.  Appellant pled guilty to attempted homicide[1] on October 29, 2018, and the Commonwealth agreed to withdraw the charge of aggravated assault. Plea Agreement, 10/29/18, 1-3; N.T. (Guilty Plea), 10/29/18 at 3.  The trial court sentenced Appellant on January 4, 2019, to eighteen to forty years in prison.  N.T. (Sentencing), 1/4/19, at 17.  Appellant filed a post-sentence motion on January 14, 2019, which the trial court denied on May 2, 2019. Appellant filed a timely notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.[2]

By Memorandum Opinion dated December 3, 2019, the Pennsylvania Superior Court granted a motion to withdraw by appellate counsel and affirmed Petitioner's judgment of sentence.[3]

---

[1] 18 Pa.C.S. §§2501(a) and 901(a).
[2] Doc. 17-1 at 73-75.
[3] *Id.*

2

On July 9, 2020, Rivera filed a *pro se* motion for post-conviction collateral relief (PCRA).[4] The procedural history of Rivera's PCRA petition is set forth by the trial court as follows:

> A *pro se* motion for post-conviction collateral relief was filed by Defendant on July 9, 2020. After receiving Defendant's motion, an order was issued on November 16, 2020, which appointed conflict counsel to represent him. On January 13, 2021, appointed counsel submitted a no-merit letter and filed a motion to withdraw as counsel. In the letter and motion, appointed counsel indicated that he reviewed the file, communicated with Defendant and determined that Defendant had no PCRA claim and his petition had no merit.
>
> Following a review of Defendant's motion, appointed counsel's no merit letter, motion to withdraw and an independent review of the record established in this case, an order was issued granting appointed counsel's request to withdraw. A Notice of Intention to Dismiss Motion for Post Conviction Collateral Relief pursuant to Pa.R.Crim.P. 907 was filed on February 3, 2021.
>
> Although Defendant was served with a copy of the Notice of Intention to Dismiss, he did not respond. Because Defendant's PCRA motion had no merit, it was dismissed on March 2, 2021. On March 16, 2021, a Notice of Appeal which was dated March 1, 2021, and appears to be signed by Defendant, was filed. The notice of appeal does not include a statement that the order appealed from had been entered on the docket and no date is provided for the order resulting in the appeal.
>
> A Rule 1925(a) opinion was filed on May 11, 2021. This opinion recommended that the appeal be quashed due to Defendant's failure to comply with Pa.R.A.P. 301(a)(1) and Pa.R.A.P. 904(d). On October 22, 2021, the Superior Court of Pennsylvania filed a non-precedential decision which remanded the case for the filing of a supplemental Rule 1925(a) opinion. In the decision, the Superior Court determined that Defendant was appealing the order dated March 2, 2021 even though the notice of appeal filed by Defendant was dated March 1, 2021 which

---

[4]   Doc. 17-1 at 146.

was prior to the existence of the March 2 order and several days before Defendant would have received the March 2 order by certified mail.

The March 2, 2021 order dismissed the motion for post-conviction collateral relief filed by [Appellant] on July 9, 2020. In his July 9 motion, Appellant raised two issues. Defendant's first issue was based on the ineffective assistance of counsel for failure to challenge the legality of sentence where the sentence imposed is beyond the statutory maximum in violation of the Sixth and Fourteenth Amendments of the Federal Constitution and Article I Section 9 of the Pennsylvania Constitution.

. . . .

The second claim made by Defendant in his motion for post-conviction collateral relief is that he suffered a miscarriage of justice due to the imposition of a sentence beyond the statutory maximum in violation of the Sixth and Fourteenth Amendments of the Federal Constitution and Article 1 Section 9 of the Pennsylvania Constitution. This allegation appears to be filed pursuant to 42 Pa.C.S.A. Section 9543(a)(2)(vii) in that the sentence imposed was greater than the lawful maximum.[5]

On November 18, 2021, the trial court, in accordance with the Superior Court's remand, issued a Supplemental Opinion Pursuant to Rule 1925(a)(1), determining that its March 2, 2021 order dismissing the motion for post-conviction collateral relief should be affirmed based on the findings that Rivera's guilty plea was knowingly, voluntarily and intelligently entered after a thorough colloquy was completed, Rivera was sentenced within the standard range of the sentencing guidelines and his sentence did not exceed the statutory maximum.[6]

---

[5]   Doc. 17-1 at 137-144.
[6]   *Id*.

In a Memorandum Opinion filed January 21, 2022, the Superior Court affirmed, finding Rivera's underlying counsel claim to have no arguable merit as the sentence imposed was not greater than the lawful maximum, and Rivera's additional claims of ineffective assistance of counsel waived, as they were raised for the first time on appeal.[7]

Presently before the Court for review is Rivera's federal petition, in which he raises the following three grounds for review:

1. The trial court abused its discretion in sentencing the Petitioner at the top-end of the standard range of the sentencing guidelines.

2. Trial counsel and post-sentence counsel rendered ineffective assistance in failing to challenge the legality of sentence where sentence imposed is beyond statutory maximum allowed in violation of Six and Fourteenth Amendment of the Federal Constitution.

3. Defendant suffered a miscarriage of justice in that sentencing court imposed a sentence beyond statutory maximum allowed in violation of Sixth and Fourteenth Amendment of the Federal Constitution.[8]

For relief, Petitioner requests this Court "vacate his sentence and remand back to the State for resentencing under Attempted Murder without the Seriously Bodily Injury enhancement."[9]

---

[7] Doc. 17-1 at 145-150.
[8] Doc. 1.
[9] *Id*.

## II.     DISCUSSION

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement.[10] Petitioner's case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA").  28 U.S.C. § 2254, provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> ...
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
>> (1) unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding....[11]

Section 2254 sets limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner.[12]  A federal court may

---

[10]   *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973).
[11]   28 U.S.C. § 2254.
[12]   *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *Glenn v. Wynder*, 743 F.3d 402, 406 (3d Cir. 2014).

consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[13] This limitation places a high threshold on the courts. Typically, habeas relief will only be granted to state prisoners in those instances where the conduct of state proceedings resulted in a "fundamental defect which inherently results in a complete miscarriage of justice" or was completely inconsistent with rudimentary demands of fair procedure.[14]

Further, a federal habeas court may not consider a petitioner's claims of state law violations; review is limited to issues of federal law.[15]

A.  **Merits Analysis**

Under the AEDPA, federal courts reviewing a state prisoner's application for a writ of habeas corpus may not grant relief "with respect to any claim that was adjudicated on the merits in State court proceedings" unless the claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

---

[13] 28 U.S.C. § 2254(a).
[14] *See, e.g., Reed v. Farley*, 512 U.S. 339, 354 (1994).
[15] *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."); *Engle v. Isaac*, 456 U.S. 107, 120 n.19 (1982) ("If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable.").

proceeding."[16]

"[B]ecause the purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction,"[17] "[t]his is a difficult to meet and highly deferential standard . . . which demands that state-court decisions be given the benefit of the doubt."[18]  Here, the burden is on Hernandez Rivera to prove entitlement to the writ.[19]

A decision is "contrary to" federal law if "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent."[20]  "[A] state court decision reflects an 'unreasonable application of such law' only 'where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents,' a standard the Supreme Court has advised is 'difficult to meet' because it was 'meant to be.' [*Harrison v.*] *Richter*, 562 U.S. 86, [ ] 102, 131 S.Ct. 770.  As the Supreme Court has cautioned, an 'unreasonable application of federal law is different from

---

[16]  28 U.S.C. § 2254(d).
[17]  *Greene v. Fisher*, 565 U.S. 34, 38 (2011) (internal quotations and citations omitted),
[18]  *Cullen*, 563 U.S. at 181(internal quotation marks and citation omitted).
[19]  *Id.*
[20]  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

an incorrect application of federal law,' *Richter*, 562 U.S. at 101, 131 S.Ct. 770 (quoting *Williams*, 529 U.S. at 410, 120 S.Ct. 1495), and whether we 'conclude[ ] in [our] independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly' is irrelevant, as AEDPA sets a higher bar. *Williams*, 529 U.S. at 411, 120 S.Ct. 1495."[21] A decision is based on an "unreasonable determination of the facts" if the state court's factual findings are objectively unreasonable in light of the evidence presented to the state court.[22]

Finally, Section 2254(e) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

B.   **Ineffective Assistance of Counsel**

The clearly established ineffective assistance of counsel standard as determined by the Supreme Court of the United States is as follows:

> Ineffective assistance of counsel claims are "governed by the familiar two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." *Shelton v. Carroll*, 464 F.3d 423, 438 (3d Cir. 2006) (citing *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)). For AEDPA purposes, the *Strickland* test qualifies as "clearly established Federal law, as determined by the Supreme Court." *Williams*, 529 U.S. at 391, 120 S.Ct. 1495. Under *Strickland*, a habeas petitioner must demonstrate

---

[21]   *Mathias v. Superintendent Frackville, SCI*, 876 F.3d 462, 476 (3d Cir. 2017).
[22]   *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's error, the result would have been different. 466 U.S. at 687, 104 S.Ct. 2052. For the deficient performance prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*. at 688, 104 S.Ct. 2052. This review is deferential:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance....

*Id*. at 689, 104 S.Ct. 2052

> Not every "error by counsel, even if professionally unreasonable, ... warrant[s] setting aside the judgment of a criminal proceeding." *Id*. at 691, 104 S.Ct. 2052. "Even if a defendant shows that particular errors of counsel were unreasonable, ... the defendant must show that they actually had an adverse effect on the defense"; in other words, the habeas petitioner must show that he was prejudiced by counsel's deficient performance. *Id*. at 693, 104 S.Ct. 2052. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694, 104 S.Ct. 2052.

In assessing an ineffective assistance of counsel claim, "the ultimate focus of inquiry must be on the fundamental fairness of the proceeding.... In every case the court should be concerned with whether ... the result of the particular proceeding is unreliable because of a

10

breakdown in the adversarial process that our system counts on to produce just results." *Id*. at 696, 104 S.Ct. 2052.[23]

When the state court has decided the claim on the merits, "[t]he question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.' "[24] "And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."[25]

The Superior Court stated that the proper standard governing ineffective assistance of counsel claims is as follows:

> In order to overcome that presumption, "a PCRA petitioner must plead and prove that: (1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and (3) counsel's action or inaction resulted in prejudice to petitioner." *Commonwealth v. Mason*, 130 A.3d 601, 618 (Pa. 2015).
>
> In determining whether counsel had a reasonable basis, the issue is not "whether there were other more logical courses of action which counsel could have pursued[,]" but "whether counsel's decisions had any reasonable basis." *Commonwealth v. Bardo*, 105 A.3d 678, 684 (Pa. 2014) (citations omitted). If it is a matter of strategy, we will not find a lack of reasonable basis unless "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Commonwealth v. Spotz*, 84 A.3d 294, 311-12 (Pa. 2014). In order to demonstrate prejudice, "a petitioner must show that there is a reasonable probability that, but for counsel's actions or inactions, the

---

[23] *Rainey v. Varner*, 603 F.3d 189, 197–98 (3d Cir. 2010).
[24] *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan, 550 U.S. 465, 473 (2007))*.
[25] *Id*.

result of the proceeding would have been different." *Mason, supra* at 389. All three prongs of the test must be satisfied in order for a petitioner to be entitled to relief. *Id.*[26]

The United States Court of Appeals for the Third Circuit has specifically held that the very ineffectiveness assistance of counsel test relied upon by the Superior Court in this matter is not contrary to the Supreme Court's Strickland standard.[27] Therefore, this Court finds that the Superior Court's decision is not contrary to *Strickland*.

Petitioner also raises three claims for relief that all relate to an unconstitutionally excessive sentence; namely that the state court abused its discretion when sentencing Petitioner, trial and post-sentence counsel failed to object to or raise the issue of the unconstitutional sentence and, as a result of the alleged unconstitutionally excessive sentence, Petitioner has suffered a miscarriage of justice.

Generally, sentencing is a matter of state criminal procedure, which does not fall within the purview of federal habeas review.[28] "[A] federal court will not normally review a state sentencing determination which, as here, falls within the statutory limit."[29] A criminal sentence violates the Constitution only when it is

---

[26] *Commonwealth v. Diaz*, 1965 EDA 2019 at 5-6, 237 A.3d 436, 2020 WL 2200741 (Pa. Super. 2020) (unpublished memorandum).
[27] *See Werts v. Vaughn*, 228 F.3d 178, 204 (3d Cir. 2000).
[28] *See Jones v. Superintendent*, 725 F.2d 40, 43 (3d Cir. 1984); *see also Estelle v. McGuire*, 502 U.S. 62, 67 (1991).
[29] *Gleason v. Welborn*, 42 F.3d 1107, 1112 (7th Cir. 1994).

extreme and "grossly disproportionate" to the crime.[30] As the Supreme Court of the United States has counseled, "outside the context of capital punishment, successful challenges to the proportionality of particular sentences will be exceedingly rare."[31]

In affirming the PCRA court's denial of post-conviction relief, the Superior Court rejected this claim on its merits as follows:

> A review of the record shows that the underlying claim (i.e., sentence imposed is illegal because it is beyond the statutory maximum) is of no merit. Appellant was convicted of attempted murder resulting in serious bodily injury. The statutory maximum sentence for attempted homicide with serious bodily injury is 40 years. *See* 18 Pa.C.S.A. § 1102(c). Appellant's sentence of 216 months to 480 months, therefore, does not exceed the statutory maximum. *See also* PCRA Opinion, 11/18/21, at 4.
>
> Because Appellant's underlying claim has no arguable merit, we do not need to address the other ineffective assistance prongs. *See, e.g., Commonwealth v. Ly*, 980 A.2d 61, 74 (2009) ("A failure to satisfy any of the prongs of the [*Commonwealth v. Pierce*, 527 A.2d 973 (1987)] test required rejection of a claim of ineffective assistance of trial counsel). Accordingly, no relief is due to Appellant on his ineffective assistance of counsel claim.
>
> Appellant next raises the very same claim, *i.e.,* sentence imposed is illegal because it is beyond the statutory maximum, as a challenge under 42 Pa.C.S.A. § 9543(a)(2)(vii), which permits a claim under the PCRA that "the imposition of a sentence [was] greater than the lawful maximum." As noted above, however, the sentence imposed here was not greater than the lawful maximum. Accordingly, the instant claim does not fare any better than the previous one.[32]

---

[30] *Graham v. Florida*, 560 U.S. 48, 60 (2010).
[31] *Solem v. Helm*, 463 U.S. 277, 289–90 (1983) (brackets omitted).
[32] Doc. 17-1 at 169-170.

This federal habeas court may not grant relief unless I determine that the state appellate court's decision on the merits was an unreasonable application of *Solem*, or that it was based on an unreasonable determination of the facts. Based on the record before the Superior Court, there is nothing to suggest that the Superior Court applied *Solem v. Helm* to the facts of this claim in an objectively unreasonable manner, nor is there anything to suggest an unreasonable determination of the facts by the state court. Petitioner's sentence with respect to the offense of Criminal Attempt (1st Degree Murder) where the victim suffers serious bodily injury fell within the statutory limits established by the Pennsylvania General Assembly.[33]

Here, Petitioner has failed to establish a claim for ineffective assistance of sentencing counsel because the Superior Court expressly determined that his claim of illegal sentence was without merit.[34] This Court finds that counsel's decision to not object to a meritless claim and PCRA counsel's[35] decision to forego raising a

---

[33] *See* 18 Pa.C.S.A. § 1102(c).

[34] As to Petitioner's claim that the sentencing judge abused his discretion by sentencing Petitioner at the high end of the sentencing guideline range, a that court's sentencing discretion is not cognizable in a federal habeas petition. *Jones v. Superintendent of Rahway State Prison*, 725 F.2d 40, 42–43 (3d Cir. 1984).

[35] Additionally, the Court finds that claims of ineffective assistance of PCRA counsel are not cognizable in federal habeas proceedings. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel in collateral post-conviction proceedings); *Coleman v. Thompson*, 501 U.S. 722, 755 (1991) (no constitutional right to counsel on appeal from initial collateral post-conviction proceedings).

meritless claim did not violate professional norms.[36]  Counsel's failure to object to a meritless claim could not possibly have prejudiced Petitioner.[37]  Hernandez Rivera has therefore not suffered a miscarriage of justice and is not entitled to habeas relief on any of the three claims he raises before this Court for review.

### III.   CERTIFICATE OF APPEALABILITY

"Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a 'circuit justice or judge' may issue a COA [certificate of appealability] only if the petitioner 'has made a substantial showing of the denial of a constitutional right.' "[38]  "Where a district court has rejected the constitutional claims on the merits, ... the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[39]

For the reasons set forth above, this Petitioner has not made a substantial showing of the denial of a constitutional right or that jurists of reason would find it debatable that Court's assessment of the claims debatable or wrong.  Accordingly, a COA will not issue.

---

[36] *See Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996) ("Appealing losing issues 'runs the risk of burying good arguments ... in a verbal mound made up of strong and weak contentions.'") (citations omitted).
[37] *See Strickland*, 466 U.S. 668.
[38] *Tomlin v. Britton*, 448 Fed.Appx. 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)).
[39] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## IV. CONCLUSION

For the reasons set forth above, the Court will deny the petition for writ of habeas corpus.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge
